UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THE NETHERLANDS
INSURANCE COMPANY                                                                                PLAINTIFF


v.                                                                            CIVIL ACTION NO. 3:10-CV-754


JEFFRIES CONSTRUCTION, INC.
D/B/A JEFFRIES CONSTRUCTION
CO., INC., *et al.*                                                                              DEFENDANTS


## MEMORANDUM OPINION AND ORDER

In an order and accompanying memorandum opinion dated March 18, 2013, this court granted Plaintiff The Netherlands Insurance Company's ("Netherlands") motion for summary judgment and denied the motion for summary judgment filed by Defendants Jeffries Construction, Inc. d/b/a Jeffries Construction Co., Inc. ("Jeffries Construction"), Leonard Jeffries, and Kimberly Jeffries (collectively, "Jeffries" or "the Jeffries Defendants"). The Jeffries Defendants have now filed a motion to vacate judgment (DN 43).

Initially, although the Jeffries Defendants style their motion as one to vacate judgment under Rule 59(e), the court's order dated March 18, 2013 did not enter a final judgment in the action. The action remains pending, as Netherlands' claims against Defendants Dennis and Debbie Wright have not been resolved. However, under Rule 54(b), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a [final] judgment." Accordingly, the court will treat the motion to vacate as one for reconsideration of the court's prior order and

accompanying memorandum opinion. Generally, a motion for reconsideration is proper if there has been an intervening change in controlling law, new evidence has been found, or there is a need to correct a clear error or prevent manifest injustice. *Rhoades v. Blue Chip Prop. Mgmt., Inc.*, 2008 WL 3166242, at *1 (N.D.Ohio Aug. 4, 2008). Here, none of the arguments put forth by the Jeffries Defendants merit reconsideration of the court's previous order and accompanying memorandum opinion.

The first argument put forth by the Jeffries Defendants is that it was improper for the court to grant Netherlands' motion for summary judgment on Netherlands' declaratory judgment claim against the Jeffries Defendants because, at the time of the court's order, the Wrights had not yet had an opportunity to appear in the case. According to the Jeffries Defendants, the court should have provided the Wrights an opportunity to brief the matter before issuing a declaratory judgment in favor of Netherlands.

A brief procedural history provides some context to the issue. The only defendants named in Netherlands' initial complaint were the Jeffries Defendants. At the time Netherlands and the Jeffries Defendants filed cross-motions for summary judgment, they remained the only parties to this action. However, on March 1, 2013, before the court rendered its order and accompanying opinion granting summary judgment to Netherlands and denying it to the Jeffries Defendants, Netherlands filed an amended complaint. The amended complaint added the Wrights as defendants, but requested the same relief as before, namely:

> A declaration that no coverage is owed to Defendants, Leonard Jeffries, Kimberly Jeffries, [sic] either a duty to defend or indemnify, as a result of any claims made against [Jeffries Construction], Leonard Jeffries and/or Kimberly Jeffries by the Defendants, Dennis and Debbie Wright, with respect to any of the allegations contained in the Complaint filed in the Underlying Lawsuit[.]

- 3 -

On March 19, 2013, the court issued its order and accompanying memorandum opinion resolving the cross-motions for summary judgment, but because Netherlands had filed an amended complaint that named the Wrights as defendants, the order was not a final judgment in the action. On April 4, 2013, the Jeffries Defendants filed this motion for reconsideration. Five days later, Netherlands filed proof of service as to the Wrights. The Wrights filed an answer on May 29, 2013.

It may be that, as the Jeffries Defendants argue, the Wrights have some interest in the issues decided by the court in its previous order and accompanying memorandum opinion. However, the Jeffries Defendants have not explained to the court why they may assert the Wrights' interests in this matter in order to vacate this court's prior order and accompanying memorandum. Indeed, the Wrights are now parties to this action and are thus fully capable of defending their interests in the manner they feel is appropriate. Without any explanation of why the Jeffries Defendants may assert the Wrights' interests in order to vacate this court's previous order and accompanying memorandum opinion, the court finds that the Jeffries Defendants have not met their burden on a motion for reconsideration.

The court turns to the remaining arguments for reconsideration put forth by the Jeffries Defendants. First, the Jeffries Defendants argue that the court overstepped its bounds by issuing a declaration limiting the scope of Netherlands' duty to defend Jeffries in the underlying suit. According to the Jeffries Defendants, Netherlands did not argue that its duty to defend was limited in scope, instead conceding that it owed a full duty to defend in the state court action. The Jeffries Defendants state that they thus did not address the issue of Netherlands' duty to defend in their papers on the cross-motions for summary judgment.

To be sure, the court found in its order and accompanying memorandum opinion that Netherlands only had a duty to defend the Jeffries Defendants for as long as potential sources of liability remained for which Netherlands could be required to indemnify the Jeffries Defendants. The court stated in its order that once those potential sources of liability are resolved, Netherlands would have no further obligation to defend the Jeffries Defendants. However, contrary to the Jeffries Defendants' apparent belief, the court did not pull that language from thin air. As it was required to do by Local Rule 7.1(e), Netherlands submitted a proposed order with its summary judgment motion. That proposed order specifically sought a declaration that "Netherlands may withdraw the defense of Jeffries Construction in the state-court action at any time after it is able to settle, compromise or satisfy any judgment that is for consequential personal property damage, consistent with the [court's] coverage ruling." And, in its memorandum in support of its motion for summary judgment, Netherlands cited relevant Kentucky caselaw on the duty of an insurance company to defend its insured. The court simply found that Netherlands' requested declaration as to its duty to defend Jeffries was warranted in light of Kentucky law regarding an insurance company's duty to defend to its insured.

In any event, by filing the motion for reconsideration, the Jeffries Defendants have an opportunity to put forth any arguments they may have regarding the correctness of the court's ruling as to the scope of Netherlands' duty to defend. However, the arguments the Jeffries Defendants put forth are unconvincing in light of Kentucky law.

As noted above, the holding of the court to which the Jeffries Defendants object is that once the liabilities for which Netherlands could potentially owe a duty of indemnification have been resolved, Netherlands will owe no duty to continue to defend the Jeffries Defendants. That holding

is squarely in accord with statements made by the Kentucky Supreme Court about an insurer's duty to defend. For instance, in *Kentucky Association of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 635 (Ky. 2005), the Kentucky Supreme Court stated, "In Kentucky, an insurer has a duty to defend if there is an allegation which might come within the coverage terms of the insurance policy, but this duty ends once the insurer establishes that the liability is in fact not covered by the policy." And in *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Insurance Co.*, 814 S.W.2d 273, 279 (Ky. 1991), the Kentucky Supreme Court stated, "The duty to defend continues to the point of establishing that liability upon which plaintiff was relying was in fact not covered by the policy and not merely that it might not be." Once the claims for which Netherlands owes a duty of indemnification have been resolved in some manner, all that will exist in the state court action are claims that are not covered by the policy as this court has construed it in this declaratory judgment action. Accordingly, under Kentucky law, Netherlands would owe no duty to Jeffries to defend at that point in the litigation.

For all the reasons stated above and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of Defendants Jeffries Construction, Inc. d/b/a Jeffries Construction Co., Inc., Leonard Jeffries, and Kimberly Jeffries to vacate judgment (DN 43) is **DENIED**.

June 12, 2013

Charles R. Simpson III, Senior Judge
United States District Court